UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR DENIS, | : |
| | : |
|   Plaintiff, | : |
| | : |
| v. | :   CASE NO. 3:25-cv-1845 (RAR) |
| | : |
| UNISYS, LLC, | : |
| | : |
|   Defendant. | : |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On September 23, 2025, Plaintiff Victor Denis commenced this action against Defendants Pinnacle Group, LLC and Unisys, LLC for an alleged breach of an employment agreement.[1] (Dkt. #1.) Pending before the Court is Defendant Unisys' Motion to Dismiss for improper service under Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim under Rule 12(b)(6). (Dkt. #21.) For the reasons discussed below, Defendant Unisys' Motion to Dismiss pursuant to Rule 12(b)(6) is GRANTED and Plaintiff's Complaint is DISMISSED without prejudice.

I.     BACKGROUND[2]

Plaintiff alleges that on or about May 5, 2025, he "entered into an employment agreement with Defendant Pinnacle Group, Inc. . . . to provide professional services as a Network Engineer to Defendant Unisys LLC." (Dkt. #1-1 ¶ 13.) The agreement provided for a fixed employment period of eighteen (18) months, subject only to termination for-cause "or as otherwise provided under the agreement." *Id.* ¶ 14. Plaintiff began his employment on or about May 19, 2025. *Id.*

---

[1] Plaintiff has since voluntarily dismissed Pinnacle Group from this action. (Dkts. #16, 17.)
[2] The Court accepts as true the factual allegations in Plaintiff's Complaint and draws all reasonable inferences in Plaintiff's favor for the purpose of resolving Defendant Unisys' Motion to Dismiss. *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

1

¶ 16. About two months later, Plaintiff was terminated by Defendants "based on a report from Unisys [M]anager Robert Welch." *Id.* Plaintiff contends that his termination was without just cause, in violation of the employment agreement. *Id.*

Plaintiff alleges that at all times he was willing and able to perform his duties as required under the employment agreement, but Defendants "failed to provide Plaintiff with proper orientation, training, or access necessary to perform his work, and treated Plaintiff in a hostile and discriminatory manner." *Id.* ¶ 17. For example, Plaintiff alleges that one Unisys employee, Robert Sass, "denied Plaintiff access to the company's ticketing system" despite granting this access to other new employees and "directed Plaintiff to perform menial tasks, such as disposing of trash." *Id.* ¶ 18. According to the Complaint, these actions "were intended to humiliate Plaintiff and undermine his professional standing." *Id.*

On September 23, 2025, Plaintiff filed a lawsuit against Pinnacle Group, LLC and Unisys LLC in the Superior Court of Connecticut. (Dkt. #1-1.) Plaintiff's Complaint asserts two causes of action: Count One alleges a breach of the employment contract and Count Two alleges a breach of the implied covenant of good faith and fair dealing in connection with that contract. *Id.* ¶¶ 20-29. On October 31, 2025, Defendants removed the action to the United States District Court for the District of Connecticut. (Dkt. #1.) After the case was removed, Plaintiff filed a Notice of Voluntary Dismissal pertaining to Defendant Pinnacle Group because Plaintiff determined that Pinnacle Group "was not responsible for the alleged wrongful termination." (Dkt. #16.) Pinnacle Group was thereafter dismissed from the action, dkt. #17, and Defendant Unisys is the only named Defendant. Defendant Unisys now moves to dismiss the two claims asserted against it. (Dkt. #21.) Plaintiff opposes the Motion. (Dkt. #31.)

II.      LEGAL STANDARDS

    A. **Rule 12(b)(5) Motion to Dismiss**

Rule 12(b)(5) allows a party to move to dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). In evaluating a motion to dismiss based on this ground, "the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quotations and citation omitted). Rule 4(h) governs service on corporations in federal court. To effectuate proper service on a corporation, a party may deliver "a copy of the summons and of the complaint to an officer . . . or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a party may serve a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, allows service to be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the stat where the district court is located." Fed. R. Civ. P. 4(e)(1).

    B. **Rule 12(b)(6) Motion to Dismiss**

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," meaning that there is "more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556–57). In deciding a Rule 12(b)(6) motion, the Court must "draw all reasonable inferences in favor of the

3

non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (quotations and citation omitted).

Because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [the court] must construe *pro se* complaints liberally." *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir. 2000). Nonetheless, "a *pro se* complaint must still allege enough facts—as distinct from legal conclusions—to establish plausible grounds for relief." *Mitchell v. Shauer*, No. 3:23-cv-896 (VAB), 2025 U.S. Dist. LEXIS 42040, at *3 (D. Conn. Mar. 7, 2025).

III. DISCUSSION

Defendant brings its Motion to Dismiss on two separate grounds: Rule 12(b)(5) for insufficient service of process and Rule 12(b)(6) for a failure to state a claim. (Dkt. #21.) Because the Court dismisses Plaintiff's Complaint on Rule 12(b)(6) grounds, as analyzed below, it need not reach the service of process issue.

Defendant Unisys argues in its Motion to Dismiss that Plaintiff fails to plead the existence of a contract between Unisys and Plaintiff, and thus Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing must fail as a matter of law. (Dkt. #21-1 at 8-9.) Defendant Unisys further argues that even if there was privity of contract between Plaintiff and Unisys, Plaintiff has not pled sufficient factual allegations to support claims for breach of contract and/or breach of the implied covenant of good faith and fair dealing. *Id.* at 10-11. In his Opposition, Plaintiff concedes that the written employment agreement was between Plaintiff and Pinnacle Group, but urges the Court to consider alternate contractual theories, such as a joint employer or third-party beneficiary theory. (Dkt. #31 at 10-11.) The Court agrees with Defendant's position and finds that Plaintiff has not pled the existence of a contact between Defendant Unisys and Plaintiff, as required for Plaintiff's contract claims.

4

Under Connecticut law, "[t]he elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." *AGW Sono Partners, LLC v. Downtown Soho, LLC*, 343 Conn. 309, 322, 273 A.3d 186 (2022) (quotations and citation omitted).

In his Complaint, Plaintiff states that he "entered into an employment agreement with Defendant Pinnacle Group, Inc. . . . to provide professional services . . . to Defendant Unisys LLC." (Dkt. #1-1 ¶ 13.) However, there are no allegations that Plaintiff entered into an employment agreement with Defendant Unisys. *See* dkt. #1-1. Likewise, it is unclear from Plaintiff's Complaint what the nature of the relationships were between Plaintiff, Pinnacle Group, and Defendant Unisys. Plaintiff alleges that "Defendants failed to provide Plaintiff with . . . access necessary for work" and that "Defendants" ultimately terminated his employment. (Dkt. #1-1 ¶¶ 16, 17.) However, these conclusory allegations fail to specify what, if any, responsibility each entity had in controlling the various aspects of Plaintiff's employment.[3] Even construing all allegations liberally—as the Court is required to do in light of Plaintiff's *pro se* status—there are insufficient facts to confer a plausible breach of contract claim. *See Sampson v. MediSys Health Network, Inc.*, No. 10-CV-1342 (SJF) (ARL), 2012 U.S. Dist. LEXIS 103052, at *27 (E.D.N.Y. July 24, 2012) (dismissing a breach of contract claim under Rule 12(b)(6) where plaintiff's "complaint lack[ed]

---

[3] The Court notes that Plaintiff appears to add factual allegations in his Opposition to Defendant's Motion to Dismiss. *See, e.g.*, dkt. #31 at 11 ("Plaintiff's entire work assignment, equipment, security badges, and access were provided by Unisys so that [Plaintiff] could work on Unisys's Navy/EB contract in Connecticut.") Defendant correctly points out in its Reply Brief, dkt. #35 at 2, that a plaintiff is not permitted to add new factual allegations in an opposition to a motion to dismiss. *Uddoh v. United Healthcare*, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017) (collecting cases). In deciding Defendant's Motion to Dismiss on Rule 12(b)(6) grounds, the Court is limited to "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken." *Samuels v. Air. Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). The Court cannot construe Plaintiff's Opposition to the Motion to Dismiss as an amended complaint.

any allegations from which the Court could infer that an enforceable contract, written or oral, existed between the parties").

Plaintiff raises two alternative contractual theories in his Opposition that the Court considers in turn. (Dkt. #31 at 11.) First, Plaintiff argues that Unisys should be treated as a joint or special employer. *Id.* "The joint employer doctrine assumes separate legal entities that have chosen to handle certain aspects of their employer-employee relationships jointly." *Arculeo v. On-Site Sales & Mktg., LLC*, 321 F. Supp. 2d 604, 608 (S.D.N.Y. 2004) (cleaned up). Nonetheless, there is nothing in Plaintiff's Complaint suggesting that Unisys and Pinnacle Group jointly managed his work in such a manner that a joint employer theory of liability could be triggered.. *See* dkt. #1-1.

Second, Plaintiff raises a third-party beneficiary theory, and urges the Court to consider Unisys an intended beneficiary of the written employment agreement. (Dkt. #31 at 11.) Generally, "[a] third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract." *Gateway Co. v. DiNoia*, 232 Conn. 223, 230-31, 654 A.2d 342 (1995). Plaintiff argues that, because the alleged employment agreement with Pinnacle was "for the purpose of providing professional services to Unisys," it is "at least plausible to infer that Unisys was either a direct party to or an intended beneficiary" of the agreement. (Dkt. #31 at 11.) The Court has already addressed whether or not Plaintiff has pled facts sufficient to create a reasonable inference that Unisys was a direct party to the employment agreement, and found that Plaintiff has failed to do so. In the same vein, there are insufficient facts in the Complaint suggesting Unisys was an intended beneficiary of the employment agreement. *See* dkt. #1-1.

Plaintiff also brings a claim for a breach of the implied covenant of good faith and fair dealing. (Dkt. #1-1 ¶¶ 25-29.) Implied in every contract is a duty of good faith and fair dealing, which requires "that neither party do anything that will injure the right of the other to receive the

6

benefits of the agreement." *Ultimate Nutrition, Inc. v. Leprino Foods Co.*, 747 F. Supp. 371, 384 (D. Conn. 2024) (citation omitted). "To constitute a breach of [the implied covenant of good faith and fair dealing], the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 269 Conn. 424, 433, 849 A.2d 382 (2004) (citation omitted). Because the Court finds that Plaintiff has not alleged the existence of a contract between Unisys and himself, and the implied covenant of good faith and fair dealing is derived from a contract, Plaintiff's claim for a breach of the implied covenant of good faith and fair dealing cannot be sustained.

IV. CONCLUSION

Defendant's Motion to Dismiss, dkt. #21, is GRANTED on Rule 12(b)(6) grounds and Plaintiff's Complaint is DISMISSED without prejudice to refiling. Because Plaintiff is proceeding *pro se*, the Court grants Plaintiff an opportunity to amend the complaint. Plaintiff may file a first amended complaint on or before **March 26, 2026**. The Court notes that the filing of an amended complaint wholly replaces Plaintiff's initial Complaint and therefore Plaintiff is not permitted to incorporate by reference the allegations of his initial Complaint.

IT IS SO ORDERED this **5th day of March, 2026** at Hartford, Connecticut.

                                        /s/
                              Hon. Robert Richardson
                              United States Magistrate Judge